UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEY FINE FOODS COMPANY, INC., | No.  2:13-cv-1356 CKD |
| Plaintiff, | |
| v. | ORDER |
| BUONA VITA, INC., | |
| Defendant. | |

**STATUS (PRETRIAL SCHEDULING) ORDER**

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held on November 14, 2013.  George Rosenstock appeared for plaintiff.  J. Michael McGuire and Todd Jones appeared for defendant.

After hearing, the court makes the following findings and orders:

/////

1

**SERVICE OF PROCESS**

Defendant has been served and has filed an answer.

**JOINDER OF PARTIES/AMENDMENTS**

Any motion to join additional parties or to amend the pleadings shall be filed no later than June 4, 2014.  The parties may stipulate to joinder of parties or amendments to pleadings without motion practice.

**JURISDICTION/VENUE**

Jurisdiction is undisputed and is hereby found to be proper, as is venue.

**DISCOVERY**

The parties shall make initial disclosures under Federal Rule of Civil Procedure 26 no later than January 15, 2014.

Plaintiff shall designate in writing and file with the court and serve upon the opposing party the names of any experts that plaintiff proposes to tender at trial no later than March 23, 2015.  Defendant shall designate in writing and file with the court and serve upon the opposing party the names of any experts that defendant proposes to tender at trial no later than April 2, 2015.  Rebuttal experts shall be disclosed no later than April 10, 2015.  All experts so designated are to be fully prepared to render an informed opinion at the time of designation so that they may fully participate in any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.  An expert witness not listed in the party's designation of witnesses will not be permitted to testify unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition.

All non-expert discovery is left open, save and except that it shall be so conducted as to be completed by March 11, 2015.  Expert discovery shall be completed by April 29, 2015.  The word "completed" means that all discovery shall have been conducted so that all depositions have been
/////

1  taken and any disputes relative to discovery shall have been resolved by appropriate order if
2  necessary and, where discovery has been ordered, the order has been complied with.

3  **MOTION HEARING SCHEDULE**

4  　　　All law and motion except as to discovery is left open, save and except that it shall be
5  conducted so as to be completed by May 13, 2015.  The word "completed" in this context means
6  that all law and motion matters must be heard by the above date.  The parties are cautioned to
7  refer to the local rules regarding the requirements for noticing such motions on the court's
8  regularly scheduled law and motion calendar.  This paragraph does not preclude motions for
9  continuances, temporary restraining orders or other emergency applications, and is subject to any
10  special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

11  　　　The parties should keep in mind that the purpose of law and motion is to narrow and
12  refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are
13  susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify
14  and fully research the issues presented by the case, and then examine those issues in light of the
15  evidence gleaned through discovery.  If it appears after examining the legal issues and facts that
16  an issue can be resolved by pretrial motion, the parties are to file the appropriate motion by the
17  law and motion cutoff set forth supra.

18  　　　ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL
19  MOTION.  The parties are reminded that motions in limine are procedural devices designed to
20  address the admissibility of evidence.  THE PARTIES ARE CAUTIONED THAT THE COURT
21  WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE
22  GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

23  **FINAL PRETRIAL CONFERENCE**

24  　　　The Final Pretrial Conference is set for July 8, 2015 at 11:00 a.m. in courtroom no. 24
25  before the undersigned.

26  　　　The parties are to be fully prepared for trial at the time of the Pretrial Conference, with no
27  matters remaining to be accomplished except production of witnesses for oral testimony.  The
28  parties are referred to Local Rules 281 and 282 relating to the contents of and time for filing

3

1  Pretrial Statements.  A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL
2  BE GROUNDS FOR SANCTIONS.

3  Notwithstanding the provisions of Local Rule 281, which contemplates the filing of
4  separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a <u>JOINT</u>
5  <u>STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case.  The
6  undisputed facts and disputed factual issues are to be set forth in two separate sections.  The
7  parties should identify those facts which are relevant to each separate cause of action.  In this
8  regard, the parties are to number each individual fact or factual issue.  Where the parties are
9  unable to agree as to what factual issues are properly before the court for trial, they should
10  nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of
11  the parties and explain by parenthetical the controversy concerning each issue.  The parties should
12  keep in mind that, in general, each fact should relate or correspond to an element of the relevant
13  cause of action.  The parties should also keep in mind that the purpose of listing the disputed
14  factual issues is to apprise the court and all parties about the precise <u>issues</u> that will be litigated at
15  trial.  <u>The court is not interested in a listing of all evidentiary facts underlying the issues that are</u>
16  <u>in dispute.</u>  However, with respect to the listing of <u>un</u>disputed facts, the court will accept
17  agreements as to evidentiary facts.  The joint statement of undisputed facts and disputed factual
18  issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement.  If
19  the case is tried to a jury, the undisputed facts will be read to the jury.

20  Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their
21  Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter
22  for what purpose.  These lists shall <u>not</u> be contained in the Pretrial Statement itself, but shall be
23  attached as separate documents to be used as addenda to the Final Pretrial Order.  Plaintiff's
24  exhibits shall be listed <u>numerically</u>; defendant's exhibits shall be listed <u>alphabetically</u>.  The
25  Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial
26  not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly applied.
27  On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use
28  will be viewed as an abuse of the court's processes.

The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  The parties must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

Trial is set on September 14, 2015 in courtroom no. 24 before the undersigned.  Trial will be by jury.  The court expects the trial will take approximately six days.

**SETTLEMENT CONFERENCE**

If the parties determine a settlement conference would be beneficial, the courtroom deputy may be contacted to arrange a date for the settlement conference.  In absence of a waiver of disqualification of the undersigned, the settlement conference will be set before another magistrate judge.

**MISCELLANEOUS PROVISIONS**

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

Pursuant to Fed. R. Civ. P. 16(b), THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. Initial disclosures shall be made no later than January 15, 2014.

2. Motions to amend shall be completed by June 4, 2014.

3. Non-expert discovery shall be completed by March 11, 2015.

4. Plaintiff's expert disclosures shall be made no later than March 23, 2015.

5. Defendant's expert disclosures shall be made no later than April 2, 2015.

6. Rebuttal expert disclosures shall be made no later than April 10, 2015.

7. Expert discovery shall be completed by April 29, 2015.

5

8. All pretrial motions, except motions to compel discovery, shall be completed by May 13, 2015.

9. Pretrial conference is set for July 8, 2015 at 11:00 a.m. in courtroom no. 24 before the undersigned.

10. This matter is set for jury trial on September 14, 2015 in courtroom no. 24 before the undersigned.

Dated: November 15, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 valleyfinefoods.oas